## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **ZACHARY ANDREW TONEY-MARCUM,** | : | **Case No.:** |
| **individually, and on behalf** | : | |
| **of all those similarly situated,** | : | **Judge:** |
| **c/o Minnillo Law Group Co., LPA** | : | |
| **2712 Observatory Avenue** | : | |
| **Cincinnati, Ohio 45208** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **TRADITIONS MANAGEMENT, LLC** | : | **CLASS ACTION COMPLAINT** |
| **911 E. 86th Street** | : | |
| **Suite 103** | : | **(WITH JURY DEMAND)** |
| **Indianapolis, Indiana 46240** | : | |
| | : | |
| **And** | : | |
| | : | |
| **ANDREA NOE** | : | |
| **6322 Pine Cove Lane** | : | |
| **Loveland, Ohio 45140** | : | |
| | : | |
| **Defendants.** | : | |

Now comes plaintiff Zachary Andrew Toney-Marcum ("Toney-Marcum"), individually and on behalf of all others similarly situated, and for his Complaint against defendants Traditions Management LLC and Andrea Noe ("defendants") states as follows:

### I. PRELIMINARY STATEMENT

1.    Plaintiff Zachary Andrew Toney-Marcum brings this action because defendants unlawfully denied overtime pay in violation of the Fair Labor Standards Act ("FLSA") and Ohio Minimum Fair Wage Standards Act ("OMFWSA") for hours worked in a nursing home owned, operated, controlled, and managed by defendants.

2.    Defendants employ a uniform policy and practice subjecting hourly employees to

an automatic deduction on their daily time records for a meal break regardless of whether the employees actually receive such a meal break. Due to the nature of his job duties and responsibilities as a licensed practical nurse, plaintiff was regularly required to perform work-related duties without taking a meal break. As a result of defendants' policy of automatically deducting a meal break from Toney-Marcum's hours worked, Toney-Marcum was not fully paid for the time he worked as required by applicable wage and hour laws.

3.      Defendants' managers routinely and improperly modify employee time records to avoid paying overtime. Plaintiff often worked more than 40 hours per week during his employment and defendants were aware he worked these hours; yet defendants repeatedly failed to pay overtime for the hours worked over 40 hours per workweek.

4.      Plaintiff's paychecks did not reflect the hours he actually worked because defendants deducted the meal break when plaintiff did not take one, to avoid paying the overtime pay to which he and those similarly situated were lawfully entitled.

5.      Defendants knowingly, purposefully, and willfully maintained policies and practices that resulted in a failure to pay overtime to non-exempt employees as required by the FLSA, 29 U.S.C. § 201 *et seq.*, Title 29 of the Code of Federal Regulations, and R.C. 4111.01 *et seq*.

6.      The relief sought by plaintiff and the class he seeks to represent includes unpaid overtime pay for the three years preceding the filing of this action, liquidated damages in an equal amount, declarative and injunctive relief, and reasonable attorney's fees and costs.

## II.  JURISDICTION AND VENUE

7.      Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 215. This action is filed as and intended to be a "collective action" as authorized by the Fair

Labor Standards Act. Federal jurisdiction is invoked in this instance to secure protection and to redress deprivations of rights under the statutes of the United States, specifically including the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

8.      Plaintiff seeks an exercise of this Court's Supplemental Jurisdiction as to plaintiff's state law claims under 28 U.S.C § 1367.

9.      The actions complained of by the named plaintiff occurred within the Western Division of the Southern District of Ohio. Accordingly, venue with this Court is appropriate.

### III. PARTIES

10.      Plaintiff Zachary Andrew Toney-Marcum is a citizen of the United States who resides in Clinton County, Ohio. Plaintiff was employed by defendants as a licensed practical nurse at defendant Traditions Management, LLC's facility, Traditions of Deerfield.

11.      Defendant Traditions Management, LLC ("Traditions") owns and operates Traditions of Deerfield located at 3455 Nantucket Circle Loveland, Ohio, which is in this judicial district.

12.      Plaintiff worked for Traditions Management, LLC from in or about July 2019 until in or about April 2020. Mr. Toney-Marcum has signed a consent to participate in this action in accordance with 29 U.S.C. § 216(b) which is attached as Exhibit A.

13.      Defendant Traditions Management, LLC is an Indiana Domestic Limited-Liability Company, an employer within the meaning of 29 U.S.C. § 203(d), and an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14.      Defendant Andrea Noe is an employer within the meaning of 29 U.S.C. § 203(d). Upon information and belief, defendant Noe controls, manages, and/or operates Traditions of Deerfield.

## IV.  STATEMENT OF FACTS

15.     Plaintiff worked as a licensed practical nurse at defendant Traditions Management, LLC's facility in Loveland, Ohio operating as Traditions of Deerfield.  During his employment, plaintiff was scheduled to work an eight-hour shift.  From July 2019 until October 2019, plaintiff was generally scheduled to work from 3:00 p.m. until 11:00 p.m.  From October 2019 until April 2020, plaintiff was generally scheduled to work from 7:00 a.m. to 3:00 p.m.

16.     Plaintiff was often required to work beyond the end of his regularly scheduled shift, sometimes by as long as ninety (90) minutes or more.

17.     Throughout the relevant time period, defendants maintained a meal break policy whereby defendants' computerized time and attendance system would automatically deduct a 30-minute meal period from each shift worked by plaintiff.

18.     Throughout the relevant time period, plaintiff was required to skip meals during his shift or, to the extent he was able to eat, to do so while continuing to work as a nurse so as not to cause an interpretation of care to the residents of the nursing home.  Accordingly, plaintiff (like his co-workers) rarely took a 30-minute break and instead either skipped the meal or ate while continuing to perform work duties.

19.     Defendants' supervisors regularly observed plaintiff and his co-workers working through their meal breaks and made no effort to ensure that they received full uninterrupted meal breaks or compensation for the time worked.  Given the demands of the nursing positions and staffing shortages, defendants knew that plaintiff's position required him and his co-workers to work through their unpaid meal breaks.

20.     Upon information and belief, defendants treated other non-exempt hourly employees similarly  to plaintiff.

4

21.     Prior to the arrival of defendant Noe, defendant Traditions Management, LLC maintained a policy whereby employees who worked through their lunch break could submit a form to have the 30 minutes of time added back into their daily work time.  This policy changed with the arrival of defendant Noe in or about January 2020.

22.     On February 13, 2020, defendants released a memo from defendant Noe to all staff. The memo informed staff that they were "entitled to a 30-minute lunch break" and that they "must clock out for [their] lunch break."  A true and correct copy of the memo is attached as Exhibit B.

23.     Notwithstanding the language in Exhibit B requiring employees to clock out for their lunch break, defendants automatically deducted 30 minutes from plaintiff's, and others, daily pay, regardless of whether or not the employee was able to take a lunch break.

24.     Neither defendant Noe nor other managers at Traditions Management, LLC informed employees of the procedure for having the 30 minutes of time added back to their daily work time in the event the employee was unable to take a lunch break.

25.     Following the February 2020 memo, on the first occasion Toney-Marcum worked through his lunch break, plaintiff approached defendant Noe to have the additional thirty (30) minutes of time added to that day's pay.  When plaintiff handed defendant Noe the form to approve the time, defendant Noe stated, "rip the paper up, or you are going to get written up."[1]

26.     In that same conversation, defendant Noe informed plaintiff that, going forward, if plaintiff did not take his lunch break he would still have thirty (30) minutes of time deducted from the day's pay.

27.     Defendants' policy violates state and federal wage laws by improperly and illegally shifting the burden to plaintiff and class members to maintain accurate time records. *See*, e.g., 29

---

[1] Plaintiff used the form available prior to defendant Noe's arrival at Traditions Management, LLC as no defendant supplied plaintiff with a new form following the release of the February 2020 memo.

C.F.R. §785.11 ("Work not requested but suffered or permitted is work time."); 29 C.F.R. §785.13 ("[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so.").

28.     As a result of defendants' policies and practices, defendants did not accurately track the actual hours worked by plaintiff and the putative class members as required by state and federal law.

29.     On several occasions during the three years preceding the filing of this action, plaintiff was also denied overtime pay because he  was not compensated for all hours worked, including hours that should have been paid at time and one-half as described in 29 U.S.C. § 207(a), and/or had his time records altered by Traditions' managers.  Plaintiff and all other similarly situated individuals have been and/or are being denied overtime pay for hours worked in excess of 40 hours in violation of 29 U.S.C. § 207(a)(1).

30.     For the workweek from February 16, 2020 through February 22, 2020, plaintiff worked in excess of 40 hours and was not paid at least time and one-half for all hours worked in excess of 40 hours.

31.     For the workweek from March 8, 2020 through March 14, 2020, plaintiff worked in excess of 40 hours and was not paid at least time and one-half for all hours worked in excess of 40 hours.

32.     Defendants were and are aware that their hourly employees worked through their unpaid 30-minute lunch break without compensation.

33.     Defendants were and are aware that non-exempt hourly employees regularly work

more than 40 hours per workweek, and that they are not paid overtime pay as required by law.

34.     Despite this knowledge, defendants have maintained the policies and practices described above in violation of state and federal wage and hour laws.

## V.  COLLECTIVE ACTION ALLEGATIONS

35.     Plaintiff brings the FLSA claims under 29 U.S.C. § 216(b) as a collective action on behalf of the following opt-in Class (the "FLSA Class"):

> All persons in the United States who were employed by defendants at Traditions of Deerfield as a non-exempt employee at any time from the three (3) years prior to the date of filing of the complaint in this action through present.

36.     Plaintiff is similarly situated to all former and current hourly employees described in the FLSA Class.[2]

## VI.  CLASS ACTION ALLEGATIONS

37.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and as a representative of a class of similarly situated individuals who have been subjected to defendants' violations of Ohio's minimum wage and overtime provisions contained in Ohio's Minimum Fair Wage Standards Act, R.C. 4111.01 *et seq*. (the "Ohio Class").

38.     This Ohio Class action is proper under Federal Rule of Civil Procedure 23(b)(1), 23(b)(2) and 23(b)(3).  The requirements of Rule 23(a), (b)(1), (b)(2) and (b)(3) are met with respect to the Ohio Class defined below:

> All persons who were employed in Ohio by defendants at the Traditions of Deerfield facility as a non-exempt employee at any time from three (3) years prior to the date of filing of the complaint in this action through present.

---

[2] Plaintiff reserves the right to amend the FLSA class through additional information gained during discovery.

39.     Although the precise number of the Ohio Class members is unknown to plaintiff, upon information and belief the number is in excess of 50, such that joinder is impractical.  The disposition of each Ohio Class member's claims through the class action procedure will benefit the parties, the Court, and society as a whole.

40.     Plaintiff will fairly and adequately represent and protect the Ohio Class members' interests and is committed to the vigorous prosecution of this action.

41.     Plaintiff has no conflicts of interest and has retained competent counsel who is experienced in class actions, including wage and hour class actions.

42.     Plaintiff's claims are typical of the Ohio Class members' claims.  Plaintiff and the Ohio Class members are or were at all relevant times employed by defendants and have been subjected to defendants' wage and hour policies and practices which create a pattern or practice of failing to pay overtime wages at a rate of one and one-half times the regular hourly wage rate for hours worked in excess of 40 hours per workweek.  Ohio Class members are victims of the same actions and conduct of defendants.

43.     Common questions of law and fact exist as to all members of the Ohio Class and predominate over questions affecting individual members of the Ohio Class.

44.     The common questions include, but are not limited to, the following:

> i)     Whether plaintiff and class members were expected to and/or required to work during unpaid meal breaks;

> ii)    Whether plaintiff and class members perform compensable work for defendants during their uncompensated meal breaks;

> iii)   Whether defendants took adequate steps to ensure that plaintiff and class members were/are completely relieved of their work duties during meal

breaks, or otherwise received compensation for work performed during meal breaks;

iv)   Whether defendants failed to pay plaintiff and class members for all hours that they worked;

v)    Whether defendants automatically deducted 30-minute meal periods from employee time records even though they regularly performed compensable work during the meal breaks;

vi)   Whether defendants failed to pay plaintiff and class members all overtime compensation due to them by virtue of defendants' meal break deduction practice and policy;

vii)  Whether defendants denied plaintiff and class members overtime wages by improperly modifying time records to reflect only 40 hours worked or less where the employees actually worked more than 40 hours;

viii) Whether defendants denied employees overtime pay by failing to pay them for hours worked in excess of 40 hours in a given week at the rate of one and one-half times their regular wage;

ix)   Whether plaintiff and class members are entitled to compensatory damages, and if so, the means of measuring such damages;

x)    Whether defendants' conduct was willful; and

xi)   Whether defendants' conduct violates the Ohio Minimum Fair Wage Standards Act.

45.   As noted above, defendants have acted on grounds that apply generally to the Ohio Class, so that final injunctive and/or declaratory relief is appropriate for the Ohio Class as a whole.

46.     Prosecuting separate actions would create a risk of inconsistent or varying adjudications with respect to individual Ohio Class members that would establish incompatible standards of conduct for defendants, and adjudications with respect to individual Ohio Class members would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications, and would substantially impair or impede their ability to protect their interests.

47.     A class action is appropriate because the common questions of law and fact enumerated above predominate over questions affecting only individual members of the Ohio Class.

48.     A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted in this action, as the financial interest of each individual Ohio Class member is relatively small, making it economically impracticable to pursue remedies other than by a class action.  As such, the Ohio Class members have little interest in individually controlling the prosecution of separate actions.

49.     If individual actions were to be brought by the members of the Ohio Classes, the resulting duplication of lawsuits would cause undue hardship, inefficiencies, and expense to the Court and the litigants, and the nature of the claims is such that it is unlikely that many such claims would be pursued other than on a class basis.

50.     Given the above considerations, it is desirable to concentrate the litigation of the claims in this particular forum.

51.     Absent a class action, defendants would likely retain the benefits of their wrongdoing, resulting in a miscarriage of justice.

52.     There will be no difficulties in managing this class action as the names and

addresses of members of the Ohio Class are available from defendants. Further, notice can be provided to the members of the Ohio Class by using techniques and a form of notice similar to those customarily used in class actions, including individual mailed notice and notice by publication, as appropriate.

## VII.  STATEMENT OF CLAIMS

### Count One

### Denial of Overtime Pay Under the FLSA, 29 U.S.C. § 207(a)(1) – FLSA Class

53.    Plaintiff repeats and reiterates the previous paragraphs as if fully rewritten herein.

54.    Defendants' denial of overtime pay for hours worked in excess of 40 hours per workweek violates the FLSA, including but not limited to the overtime provisions of 29 U.S.C. § 207(a)(1).

55.    Plaintiff and members of the FLSA Class are entitled to recover from defendants overtime pay for all hours worked in excess of 40 hours per workweek during the period beginning two years prior to the commencement of this action, together with liquidated damages in an amount equal thereto, and attorney fees pursuant to 29 U.S.C. § 216(b).

### Count Two

### Willful Violation of FLSA, 29 U.S.C. § 255(a) – FLSA Class

56.    Plaintiff repeats and reiterates the previous paragraphs as if fully rewritten herein.

57.    Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) such that plaintiff and members of the FLSA Class are entitled to recover from defendants an appropriate amount for all hours worked in excess of 40 hours per workweek during the period beginning three years prior to the commencement of this action together with liquidated damages in an amount equal thereto and attorney fees pursuant to 29 U.S.C.

§ 216(b).

## Count Three

## Violations of Ohio's Minimum Fair Wage Standards Act,

## Failure to Pay Overtime

## Ohio Class

## R.C. 4111.01 *et seq*.

58.     Plaintiff repeats and reiterates the previous paragraphs as if fully rewritten herein.

59.     Under the Ohio Minimum Fair Wage Standards Act (OMFWSA), defendants were required to pay each of their Ohio employees for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek. R.C. 4111.03(A) & 4111.10(A).

60.     Defendants' conduct as described above violates the OMFWSA provisions governing payment of overtime.

61.     Defendants have willfully, and with reckless disregard, deprived plaintiff and members of the Ohio Class of the payment of overtime compensation under the OMFWSA, which entitles plaintiff and others similarly situated to liquidated and/or punitive damages and other appropriate relief.

## Count Four

## Unjust Enrichment/Quantum Meruit – FLSA and Ohio Class

62.     Plaintiff repeats and reiterates the previous paragraphs as if fully rewritten herein.

63.     Plaintiff and members of the FLSA Class and the Ohio Class conferred a benefit upon defendants when they worked hours and provided services to defendants and the residents/patients of defendants and performed such other acts and conduct for defendants' benefit.

12

64. The benefits were conferred by plaintiff and members of the FLSA Class and the Ohio Class without receiving just compensation from defendants for the services rendered.

65. Defendants have been unjustly enriched by the benefits conferred by plaintiff and members of the FLSA Class and the Ohio Class.

66. Plaintiff and members of the FLSA Class and the Ohio Class are entitled to just compensation for the reasonable value of services rendered to defendants, including straight time for all hours worked as well as overtime pay for those hours worked in excess of 40 hours.

### Count Five

### Failure to Pay Semi-Monthly Wages Due, R.C. 4113.15 – Ohio Class

67. Plaintiff repeats and reiterates the previous paragraphs as if fully rewritten herein.

68. During the three-year period preceding the filing of this Complaint, defendants breached the requirement of R.C. 4113.15 by failing to pay plaintiff and members of the Ohio Class all wages owed to them within thirty days of their regularly scheduled semi-monthly payday for each pay period in which plaintiff and those similarly situated worked.

69. Defendants are liable for the unpaid wages and for additional amounts as liquidated damages and interest as provided by R.C. 4113.15.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff requests judgment on his own behalf and on behalf of all other similarly situated employees of defendants who elect to opt-in to this FLSA action as described with particularity in 29 U.S.C. § 216(b) and those included in Ohio Class described above demands judgment against the defendants as follows:

1. An Order Permitting this litigation to proceed as a collective action;

2. Prompt notice, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees

that this litigation is pending and that they have a right to "opt-in" to this litigation;

3.   Judgment against defendants for violating the Fair Labor Standards Act;

4.   An Order declaring that the defendants' violations of the Fair Labor Standards Act were willful;

5.   An injunction prohibiting defendants from engaging in future overtime violations;

6.   An award of unpaid wages as appropriate;

7.   An award of overtime pay and liquidated damages thereon consistent with the provisions of the Fair Labor Standards Act;

8.   An award of plaintiffs' reasonable attorneys' fees and costs;

9.   With respect to the Ohio Class:

    a.  An award of damages and liquidated damages;

    b.  Pre-judgment and post-judgment interest, as provided by law;

    c.  Such other injunctive and equitable relief as the Court may deem just and proper; and

    d.  Reasonable costs and attorney fees.

10.  Such other relief which in law and equity is appropriate.

Respectfully submitted,

**MINNILLO LAW GROUP CO., LPA**

s/ Robb S. Stokar
Robb S. Stokar (OH-0091330)
2712 Observatory Avenue
Cincinnati, Ohio 45208
Tel:   (513) 723-1600
Fax:   (513) 723-1620
rss@mlg-lpa.com
Trial Attorney for Plaintiff

**JURY DEMAND**

Plaintiffs demand a trial by jury as to all issues so triable in this matter.

s/ Robb S. Stokar
Robb S. Stokar (OH-0091330)