# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **ZACHARY ANDREW TONEY-MARCUM, Individually and on behalf of all others similarly situated** | : : : : | Case No.: 1:21-cv-0069-MWM |
| | | Judge Matthew W. McFarland |
| **Plaintiff,** | : : | |
| v. | : : | |
| **TRADITIONS MANAGEMENT, LLC, et al.,** | : : : | **JOINT MOTION FOR APPROVAL OF SETTLEMENT** |
| **Defendants.** | : : | |

NOW COME Plaintiff and Defendants (together, "the Parties") and jointly request this Court to issue an Order approving the settlement reached by them and memorialized in their Confidential Settlement Agreement and Release of Claims (the "Settlement Agreement," attached as Exhibit A). A Memorandum in Support of this Motion follows.

Respectfully submitted,

| **MINNILLO LAW GROUP Co., LPA** | **HAHN LOESER & PARKS LLP** |
|---|---|
| /s/ *Robb S. Stokar* | /s/ *Steven E. Seasly*\* |
| Robb S. Stokar (OH-0091330) | Steven E. Seasly, Esq. (0070536) |
| 2712 Observatory Avenue | sseasly@hahnlaw.com |
| Cincinnati, Ohio 45208 | Andrew J. Wolf, Esq. (0091054) |
| Tel: (513) 723-1600 | awolf@hahnlaw.com |
| Fax: (513) 723-1620 | 200 Public Square, Suite 2800 |
| rss@mlg-lpa.com | Cleveland, Ohio 44114 |
| *Counsel for Plaintiff* | 216.621.0150 – Telephone |
| | 216.241.2824 – Facsimile |
| | *Attorneys for Defendants, Traditions Management, LLC and Andrea Noe* |
| | \*per email auth 6-2-21 (RSS) |

## **MEMORANDUM IN SUPPORT**

This case concerns claims for unpaid overtime wages brought by plaintiff. Plaintiff alleges that defendants took automatic deductions for unpaid lunch time, whether or not plaintiff actually worked through his scheduled lunch break. Plaintiff further alleges that, on occasion he worked through his lunch break and when he asked defendant Noe to pay him for this time, she refused. Defendants deny all allegations made against them.

The Parties reached a proposed settlement in this action though arm's length negotiation by experienced legal counsel.[1] The proposed settlement includes a lump sum settlement to the plaintiff representing lost wages and liquidated damages and a separate payment of plaintiff's attorney's fees and costs.

Through this joint motion, the Parties respectfully request the Court approve their settlement and dismiss the claims with prejudice. This settlement is a fair, adequate and reasonable resolution of the Parties' *bona fide* dispute as to liability and damages under the FLSA and the analogous state law.

The Court's approval of the terms of the Settlement Agreement is necessary because plaintiff, a former employee of defendants, alleged claims for unpaid overtime in violation of the Fair Labor Standards Act. Defendants deny any wrongdoing whatsoever and specifically deny any and all liability to plaintiff on his claims.

Although plaintiff continues to firmly believe in the merits of his claims, given the time and expenses associated with continued litigation, and the uncertainty of dipositive motion practice and trial, the Parties agree that a compromise is appropriate.

---

[1] Plaintiff is also releasing claims for alleged discrimination filed with the Ohio Civil Right Commission. Defendant denies all claims contained in plaintiff's charge. The Parties recognize no Court approval is required for an enforceable release of plaintiff's alleged discrimination claims.

The Parties desire to resolve this case by way of a negotiated settlement payment by defendants in exchange for release of claims by plaintiff in order to avoid the time and expense inherent in continued litigation.  *See Lynn's Food Stores*, *Inc. v. United States,* 679 F.2d 1350, 1354 (11th Cir. 1982).  ("Thus, when the parties [to the litigation] submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").  The settlement was reached as the result of good faith, arm's length negotiation between experienced legal counsel.

 The parties understand that, under the FLSA, plaintiff cannot waive or release his unpaid overtime claims or any unasserted claim that could be brought under the FLSA without the involvement of the United States Department of Labor – which the parties do not wish to engage – or a court-approved stipulation of settlement.

For this reason, the Parties respectfully request that the Court approve the settlement of this matter as set forth in the Settlement Agreement by entering the proposed Order attached hereto as Exhibit B and also e-mailed to Judge Matthew W. McFarland.

Respectfully submitted,

| | |
|---|---|
| **MINNILLO LAW GROUP Co., LPA** | **HAHN LOESER & PARKS LLP** |
| /s/ *Robb S. Stokar*                              | /s/ *Steven E. Seasly*\*                              |
| Robb S. Stokar (OH-0091330) | Steven E. Seasly, Esq. (OH-0070536) |
| 2712 Observatory Avenue | sseasly@hahnlaw.com |
| Cincinnati, Ohio 45208 | Andrew J. Wolf, Esq. (0091054) |
| Tel:  (513) 723-1600 | awolf@hahnlaw.com |
| Fax: (513) 723-1620 | 200 Public Square, Suite 2800 |
| rss@mlg-lpa.com | Cleveland, Ohio 44114 |
| *Counsel for Plaintiff* | 216.621.0150 – Telephone |
| | 216.241.2824 – Facsimile |
| | *Attorneys for Defendants, Traditions Management, LLC and Andrea Noe* |
| | \*per email auth 06-02-21(RSS) |

3

## CERTIFICATE OF SERVICE

      I certify that on June 2, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties in this case by operation of the Court's CM/ECF system. Parties may access this filing through the Court's system.

                                          */s/ Robb S. Stokar*
                                          Robb S. Stokar (OH-0091330)